PER CURIAM.
As a matter of law, the conduct of the defendant-appellant, a coemployee of the plaintiff, did not constitute the “gross negligence” required to permit recovery under section 440.11, Florida Statutes (1985) notwithstanding the workers’ compensation immunity defense. While' Jones’s action was undoubtedly negligent, it was just as plainly not a
conscious and voluntary act or omission which [was] likely to result in grave injury when in the face of a clear and present danger of which the alleged tort-feasor [was] aware [e.s.],
Glaab v. Caudill, 236 So.2d 180, 185 (Fla. 2d DCA 1970), and was therefore not grossly so. See Langton v. De Cenzo, 592 So.2d 318 (Fla. 3d DCA 1991); Hoyt v. Corbett, 559 So.2d 98 (Fla. 4th DCA 1990), review denied, 569 So.2d 1278 (Fla.1990); Merryman v. Mattheus, 529 So.2d 727 (Fla. 2d DCA 1988).
Accordingly, the defendant’s motion for directed verdict should have been granted. The judgment below for the plaintiff is therefore reversed and the cause remanded with directions to enter judgment for the appellant.
Reversed.
SCHWARTZ, C.J., and LEVY, J., concur.